

# KREINDLER & KREINDLER LLP

750 Third Avenue
New York, NY 10017-2703
(212) 687-8181
Fax: (212) 972-9432
www.kreindler.com


(212) 973-3448
nkushlefsky@kreindler.com


September 30, 2014

VIA CM/ECF

Hon. William F. Kuntz, II
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201


Re: *Socorro v. TMS, U.S.A., Inc., et al.* (10-cv-5020)

Dear Judge Kuntz,

I am writing seeking leave of the Court to file settlement documents under seal to comply with the confidentiality provisions of the settlement agreement between the parties in the above referenced case.

This is a wrongful death action arising from the death of Ernest Codelia, Jr. who died on February 27, 2009. Mr. Codelia died from carbon monoxide poisoning when a vehicle manufactured by defendant Toyota was inadvertently left running in an attached garage. He was 79 years old and is survived by three adult children.

Plaintiffs Myrna Socorro and Donato Pastore were named co-executors of Mr. Codelia's estate in his will, and were appointed to act in that capacity by the Westchester County Surrogate's Court. The appointment was limited in that the executors are required to obtain court approval in order to settle any wrongful death case arising out of Mr. Codelia's death. This lawsuit before Your Honor was commenced against Toyota alleging that certain design features of the vehicle contributed to its being left running in the garage leading to Mr. Codelia's death. The case was vigorously litigated by both sides. At the conclusion of all discovery, and just prior to pretrial motions being due, the parties mediated the case. The mediation was attended by plaintiff Socorro and by all three of Mr. Codelia's adult children.

California Office
707 Wilshire Boulevard, Los Angeles, CA 90017-3613
Tel: (213) 622-6469 Fax: (213) 622-6019

Massachusetts Office
855 Boylston Street, Boston, MA 02116-2688
Tel: (617) 424-9100 Fax: (617) 424-9120

A settlement was agreed to by the parties and by the three beneficiaries of the wrongful death claim. A lynchpin condition to the settlement which was insisted upon by Toyota, and agreed to by the plaintiffs and the three Codelia beneficiaries, is absolute confidentiality as to the amount of the settlement.

In order to comply with the Surrogate's Court requirement that any settlement be judicially approved, plaintiffs will be filing an application for approval of the settlement. In order to comply with the explicit bargained for terms of the settlement agreement, the application seeking court approval must be made under seal to preserve the confidentiality of the settlement amount.

This request is agreed to by all interested parties and individuals.

Respectfully yours,

Kreindler & Kreindler LLP

By: Noah H. Kushlefsky

cc: All Counsel via ECF

The application is ✓ granted.
SO ORDERED ___ denied.
s/WFK

William F. Kuntz, II, U.S.D.J.
Dated: Sept. 30, 2014
Brooklyn, New York